PAULINE SOHN, Respondent, v. FRED WISE, Appellant.

Appeal by the defendant from a judgment of the Supreme Court, entered in the New York county clerk's office upon the verdict of a jury, and also from an order entered November 23, 1917, denying a motion for a new trial.

PER CURIAM: The damages having been limited to those sustained after April 25, 1913, the verdict of $5,000 is excessive. The judgment and order are reversed and a new trial ordered, with costs to appellant to abide event, unless plaintiff stipulate to reduce the verdict to the sum of $2,500; in which event the judgment as so modified and the order appealed from are affirmed, without costs. Present — Clarke, P. J., Laughlin, Smith, Page and Shearn, JJ. Judgment and order reversed, new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce verdict to $2,500; in which event, judgment as so modified and order affirmed, without costs. Order to be settled on notice.

---

In the Matter of HARRY ROSENFELD, an Attorney, Respondent.

Disciplinary proceedings instituted by the Bar Association against an attorney.

PER CURIAM: The respondent was admitted to the bar at a term of the Appellate Division, First Department, in October, 1910. On February 25, 1918, in the Court of General Sessions of the Peace, county of New York, he pleaded guilty of the crime of larceny in the second degree, which is a felony. Section 477 of the Judiciary Law* provides that any person, being an attorney and counselor at law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counselor at law, or to be competent to practice law as such. Therefore the respondent is disbarred. Present — Clarke, P. J., Dowling, Smith, Page and Merrell, JJ. Respondent disbarred. Order to be settled on notice.

---

---

* See Consol. Laws, chap. 30 (Laws of 1909, chap. 35), § 477; Id. § 88, subd. 3.— [REP.